**Robert SMITH, et al., Plaintiffs,**

v.

**FMC CORPORATION, a Delaware Corporation, Defendant.**

**No. CIV.A. 2:95–1098.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 9, 2002.

---

Richard Neely, Neely & Hunter, Charleston, Henry Dart, Covington, LA, Jack W. Harang, Metairie, LA, for Plaintiffs.

Joseph S. Beeson, Robinson & McElwee, Charleston, Lee Davis Thames, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER APPROVING SETTLEMENT

HADEN, Chief Judge.

At a fairness hearing held October 2, 2002 came the Plaintiffs by class counsel, Henry Dart and Richard Neely, and came the Defendant, FMC Corporation, by its counsel, Joseph Beeson, for a fairness hearing pursuant to *Rule* 23(e), *Federal Rules of Civil Procedure.* The following individuals, some of whom objected to certain matters, also appeared:

| | |
|---|---|
| William Terry | Pamela Manning |
| Richard Clark | Linda Cowley |
| Eleanor Poindexter | Michelle Cowley |
| George Goddard | Robert Smith |
| Pamela Goddard | Gary Willard |
| Ronald Manning | Curtis Willard |

Consistent with the Court's June 25, 2002 Memorandum Opinion and Order Granting Preliminary Approval of Settlement (Preliminary Approval Opinion), and after allowing an opportunity for notice to the class and objections, the Court **GRANTS** final approval of the proposed settlement.

## I. FACTUAL BACKGROUND

The Court previously discussed the complex factual and procedural background of this action in the Preliminary Approval Opinion. The contents of that lengthy Opinion are incorporated herein by reference.

Following entry of the Preliminary Approval Opinion, counsel prepared copies of the approved long and short form notices, the former containing the claimant-objection process. The long form notice was sent by first class mail to the last known address of every class member who timely filed a proof of claim. The long form notice was also posted at the Clerk's office in the Robert C. Byrd United States Courthouse in Charleston and on the Court's public website. The short form notice was published in the *Charleston Gazette* and the *Charleston Daily Mail* at least two times each, separated in time by a space of at least one week.

At the hearing, counsel provided a detailed outline of the litigation to date. The Court made inquiry of all objectors and others present in the courtroom as to whether there was any objection to the overall amount or terms of the settlement.

No objection was made by any person present in the courtroom.

■ The Court next addressed the matter of attorney fees. Plaintiffs' counsel expended over 6000 hours on this action. No objection was made by either opposing counsel or any objector to the amount or reasonableness of these hours. Additionally, the law firm of Neely & Hunter entered contingent fee contracts with every class member for 1/3 the gross amount of any settlement.

The Court notes this case was the subject of complex pre-certification proceedings, extensive discovery, one interlocutory appeal, two trials, each of which involved extensive pretrial preparations, and, finally, another appeal. There is no basis in the record to question the number of hours expended, and the Court FINDS those expended hours to be both reasonable and necessary.

This amount awarded is far below what counsel might have demanded pursuant to the fee agreements with the class members. If viewed from the perspective of hourly compensation, class counsel is likewise receiving a very low hourly rate. Accordingly, the Court approves the proposed amount of attorney fee compensation and associated costs to pursue the litigation. The total amount awarded for these fees and costs is 48.7% of the settlement fund.

The Court next addressed the objections filed by certain individuals. These objections fall into two categories. The first category includes objectors who are class members dissatisfied with their individual allocation amount. The second category includes objectors who wish to file late claims or otherwise be included in the class.

Only ten (10) objections, one of which was later withdrawn, were received at the time of the hearing. Of the ten objections, five were filed by class members and an-

other five by non-class members. The resolution of the objections and the basis therefor are set forth more fully on the record and are merely summarized below:

1. The objection of Eleanor Poindexter is **SUSTAINED** and Ms. Poindexter's allocation amount is adjusted upward to a total of $1,375.00. The amount was adjusted because Ms. Poindexter sought medical treatment and provided records to substantiate such treatment. This resulted in a higher allocation under the protocol created by the Court Appointed Allocation and Disbursement Agent and approved by the Court;

2. The objection associated with the administrative error in the location of claimant William H. Terry is **SUSTAINED** and the record shall reflect Mr. Terry was located in Zone 1. According to the allocation protocol, Mr. Terry's allocation amount was increased to a total of $1,525.00;

3. The objections of Curtis Willard and Gary Willard are **OVERRULED**. Their allocation amounts are comparable to those similarly situated and shall remain as recommended by the Court–Appointed Allocation and Disbursement Agent;

4. The objections of Linda Cowley and Michelle Cowley to be included in the class are **OVERRULED**. The Court found both objectors' testimony lacked credibility. Each objector knew or should have known of the right to make a timely claim within the mandated claims process and failed to do so;

5. The objections of Roxy Hinkle, Anita D. Smith, Bradley T. Smith and Ralph Scarberry are **OVERRULED** and treated as **ABANDONED**. None of these objectors appeared at the hearing.

Further, despite personal instructions from class counsel's office to state objections with particularity, Mr. Scarberry's written objection lacked any factual basis which would support a higher allocation.

■ Given the minor nature of the objections and the fact no objector challenged the overall fairness and adequacy of the proposed settlement, the Court **ADOPTS** and **INCORPORATES** herein its findings and conclusions made from the bench and its prior *Rule* 23(e) analysis contained in the Preliminary Approval Opinion. The Court **APPROVES** the settlement and this action is **ORDERED DISMISSED** and stricken from the docket. The Court further **ORDERS**:

1. That prior to the Judgment becoming final, the Court–Appointed Allocation and Disbursing Agent shall notify Defendant and the Court in writing of the appropriate location and procedure by which the settlement funds shall be transferred;

2. That within 5 days of the Judgment becoming final, Defendant shall effect the wire transfer of the settlement funds in accordance with said instructions;

3. That the claims of the Class, the individual members, and the Class Representative, against FMC Corporation are **DISMISSED WITH PREJUDICE**;

4. That the individual allocations shall be distributed upon further Orders of the Court upon this Judgment becoming final and executory;

5. That the Court shall retain jurisdiction over this action for all purposes necessary for implementation of the settlement agreement, completion of the distribution process, and other disputes arising therefrom and as more fully discussed in the Prelimi-

nary Approval Opinion, such discussion being fully incorporated herein;

6. That the Court's retention of jurisdiction shall not affect the finality of this Judgment, such Judgment now being immediately appealable; and

7. That if it is deemed necessary, the Court finds no reason for delay and the Clerk of Court shall enter the Judgment pursuant to *Rule* 54(b) and shall issue notice to counsel of record for all parties.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to post a copy on the public website at www.wvsd.uscourts.gov.

## JUDGMENT ORDER

In accordance with the Memorandum Opinion and Order entered today, the Court **ORDERS** as follows:

1. The Court grants final **APPROVAL** of the proposed settlement;

2. The claims of the Class, the individual members, and the Class Representative, against FMC Corporation are **DISMISSED WITH PREJUDICE**;

3. That the Court shall retain jurisdiction over this action for all purposes necessary for implementation of the settlement agreement, completion of the distribution process, and other disputes arising therefrom and as more fully discussed in the Preliminary Approval Opinion, such discussion being fully incorporated herein;

4. That the Court's retention of jurisdiction shall not affect the finality of this Judgment, such Judgment now being immediately appealable; and

5. That if it is deemed necessary, the Court finds no reason for delay and the Clerk of Court shall enter the Judgment pursuant to *Rule* 54(b) and shall issue

notice to counsel of record for all parties;

6. This action is **STRICKEN** from the docket.

The Clerk is directed to send a copy of this Judgment Order to counsel of record and to post a copy on the public website at www.wvsd.uscourts.gov.